# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

BLUE HILL HELICOPTERS, LLC, and
SJ ROTORCRAFT CORPORATION,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA

    Defendants.

C.A. No.:  13-11888

## COMPLAINT

This is an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* on behalf of the plaintiffs, BLUE HILL HELICOPTERS, LLC and SJ ROTORCRAFT CORPORATION, by and through their undersigned attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, for property damage and loss of use arising out of the negligent acts and omissions of employees of the United States of America within the meaning of the FTCA.

## THE PARTIES

1. Plaintiff Blue Hill Helicopters, LLC is a Domestic Limited Liability Company (LLC), with its principal office located in the town of Norwood, Norfolk, Commonwealth of Massachusetts.

2. Plaintiff SJ Rotorcraft Corporation is a Domestic Profit Corporation, with its principal office located in The Town of Norfolk, County of Norfolk, Commonwealth of

Massachusetts.

3. The Defendant, United States of America, Federal Aviation Administration ("USA"), is a body politic organized under the laws of the United States. The Federal Aviation Administration ("FAA") is an agency of federal government established to ensure the safety of flight pursuant to 15 U.S.C. § 1502, *et seq.*, known as the Federal Aviation Act of 1958, as amended.

## JURISDICTION & VENUE

4. This action is an action to recover damages for property damage, loss of use and other related damages arising out of the wrongful acts and/or omissions of employees of the Government of the United States of America (USA), while acting within the scope of their office and/or employment, under circumstances where the USA, if a private party, would be liable to the plaintiffs, and each of them.

5. Jurisdiction of this Court over the defendant, United States of America, Federal Aviation Administration, is invoked pursuant to 28 U.S.C. § 1331. This case arises under 28 U.S.C. §§ 2671 *et seq.*, known as the Federal Torts Claim Act. The plaintiffs, and each of them, have timely complied with all of the administrative and presentment prerequisites to the institution of suit imposed by 28 U.S.C. § 2401(b). Subject matter is also conferred pursuant to 28 U.S.C. § 1346 in that the district court has original jurisdiction of all claims against the United States of America, and against the various agencies thereof, including the Federal Aviation Administration ("FAA").

6. This civil action is timely filed in that plaintiffs, pursuant to 28 U.S.C. § 2401(b), jointly and through their insurance carrier Catlin Insurance Company, Inc. presented their administrative claims to the FAA on or about May 22, 2012, within two (2) years of the date of the accident, and amended on or about May 29, 2012. The plaintiffs' claims were

denied by the FAA by letter dated February 11, 2013, and are now ripe for a lawsuit to be filed.

7. The District of Massachusetts is an appropriate venue in which to pursue this action under 28 U.S.C. § 1391 in that a substantial part of the alleged negligent events, acts or omissions giving rise to these causes of action occurred in this District.

## FACTUAL ALLEGATIONS

8. On May 26, 2010, plaintiff SJ Rotorcraft Corporation was the owner of, and plaintiff Blue Hill Helicopters, LLC was the operator of, a Schweizer 269C-1 rotorcraft, tail number N73SJ (the "accident helicopter"), which crashed during the course of a flight evaluation (also known as a "check ride") of Rebecca D'Ambrosio conducted by Michael Wheeler, a flight inspector employed by the FAA and assigned to the Flight Standards District Office in Boston, Massachusetts.  As a result of the crash, the helicopter was destroyed, Ms. D'Ambrosio sustained serious injuries and Inspector Wheeler was killed.

9. The check ride flight was conducted pursuant to the provisions of 14 Code of Federal Regulations Part 91.  The purpose of the flight was for FAA Inspector Wheeler to conduct a practical examination, including a flight evaluation, for the plaintiff, a rated commercial helicopter pilot, to complete her requirements to obtain a flight instructor certificate and become a certified flight instructor.

10. At all relevant times, FAA Inspector Wheeler was charged with certain duties and responsibilities set forth in various FAA Orders (including, but not limited to, FAA Order 8900.1, FAA-S-8081-7B, Flight Instructor Practical Test Standards, and FAR Part 91) and other rules, regulations and standards adopted by the FAA, and as otherwise reasonably required in the performance of his duties as an FAA inspector or check pilot.

11. Defendant USA, by and through the FAA, has a regulatory and common law non-delegable

duty to provide reasonable and safe flight inspectors and check pilots who will not simulate conditions which jeopardize the safe conduct of the flight and otherwise is required to provide services to the public in the interests of air safety, which was materially breached as described herein.

12. Prior to the crash, FAA Inspector Wheeler's flight time in the subject aircraft was limited to 0.9 hours more than two years before the accident flight. The accident flight was the first helicopter check ride he had ever conducted for the FAA since his employment began in June, 2008.

13. The accident aircraft was owned by SJ Rotorcraft Corporation and operated by Blue Hill Helicopters, LLC, for which the plaintiff planned to work as a certified flight instructor (CFI) upon the completion of her CFI Instrument training.

14. At approximately 7:30 a.m. on May 26, 2010, Ms. D'Ambrosio arrived at the FAA Flight Standards District Office in Lexington, Massachusetts to complete the oral and ground portions of the FAA practical examination needed to obtain a flight instructor certificate and become a certified flight instructor. The oral and ground portion of the examination was administered by FAA Inspector Wheeler and successfully completed by Ms. D'Ambrosio.

15. Upon completion of the oral portion of the exam, Ms. D'Ambrosio and FAA Inspector Wheeler travelled to Lawrence Hanscom Field Airport (BED) in Bedford, Massachusetts, to complete the flight evaluation portion of the practical examination in the accident helicopter.

16. At the time of the crash, the weather report at BED included winds from 340 degrees at 6 knots, 10 miles visibility, clear skies, and a temperature of 34 degrees Celsius. The estimated density attitude at BED was 2,869 feet.

17. Prior to the flight portion of the examination, FAA Inspector Wheeler told Ms. D'Ambrosio he would take control of the aircraft in the event of an emergency and that the check ride would end in the event of an emergency.

18. Ms. D'Ambrosio took-off from the ramp at BED and made a "left" departure toward Minuteman Airfield (6B6), located in Stowe, Massachusetts. En route to and at Minuteman Airfield, FAA Inspector Wheeler instructed Ms. D'Ambrosio to perform several maneuvers, including a demonstration of "settling with power", hovering flight, and steep and normal approaches.

19. Upon completion of this stage of the practical examination, FAA Inspector Wheeler stated "Okay, we're done, let's go home." Ms. D'Ambrosio concluded from Wheeler's comments that the examination had come to an end and that she had successfully completed the check ride examination.

20. Ms. D'Ambrosio turned the helicopter towards BED. On route to BED, Inspector Wheeler then stated, "This will be a simulated engine failure" as he immediately "chopped the throttle" while the helicopter was in a turn.

21. Prior to the check ride flight, Inspector Wheeler never informed plaintiffs BLUE HILL HELICOPTERS, LLC or SJ ROTORCRAFT CORPORATION; or Ms. D'Ambrosio that he planned to conduct a simulated engine failure during the flight, and never announced the customary "3, 2, 1" countdown before performing a "controlled throttle roll-off" as required by industry standards and as set forth in the operator's published procedures for performing a simulated engine failure. Rather, he carelessly and rapidly chopped the throttle without warning.

22. Prior to the check ride, FAA Inspector Wheeler never discussed with Ms. D'Ambrosio a suitable forced landing area for a simulated engine or actual engine failure maneuver.

23. FAA Inspector Wheeler was not authorized to perform a simulated engine failure on this check ride or to otherwise rapidly chop the throttle without warning under the circumstances then existing.

24. Pursuant to her flight training, Ms. D'Ambrosio lowered the collective and checked the rotor RPMs which were sufficient in response to the simulated engine failure. She checked the engine RPM gauge which read "0" and immediately informed FAA Inspector Wheeler that they were experiencing an actual engine failure.

25. FAA Inspector Wheeler then instructed Ms. D'Ambrosio to "recover" and joined her on the controls.

26. FAA Inspector Wheeler attempted to troubleshoot the problem and regain engine power while Ms. D'Ambrosio looked for a safe location for an emergency landing. She located a straight portion of a road as primary landing site and a parking lot and a field as secondary sites. FAA Inspector Wheeler did not suggest a suitable landing area in the critical moments following the engine failure.

27. Ms. D'Ambrosio prepared for a straight-in approach to the roadway because there was minimal wind and she had sufficient rotor RPMs. Responding to Wheeler's request, she told him that she was heading for the road in order to land. As the aircraft descended, FAA Inspector Wheeler repeated several times that they needed to "turn right."

28. FAA Inspector Wheeler took control of the helicopter and turned it to the right, insisting that the helicopter had to be turned right "to be into the wind", even though there was little or no wind and the open area and smooth landing surface plaintiff had selected could be safely reached without having to turn the helicopter.

29. FAA Inspector Wheeler turned the helicopter to the right toward a heavily wooded area. As the accident helicopter approached the wooded area, Ms. D'Ambrosio observed the tops of

the trees and informed FAA Inspector Wheeler that, "We are going to hit the trees." Wheeler responded, "I think you are right; we are going to hit the trees." Ms. D'Ambrosio did not at any time during the descent turn the helicopter to the right.

30. The helicopter impacted the trees and crashed.

31. As a result of the crash, the helicopter was destroyed.

32. As a direct and proximate result of the foregoing, plaintiff SJ ROTORCRAFT CORPORATION lost the $285,000 hull value of its destroyed helicopter, and plaintiff BLUE HILL HELICOPTERS, LLC lost revenue and income from loss of the helicopter's use. Both plaintiffs incurred additional damages, subject to proof, related to, *inter alia,* recovery and storage of the wreckage, etc.

## COUNT I

### CLAIM OF PLAINTIFFS BLUE HILL HELICOPTERS, LLC; SJ ROTORCRAFT CORPORATION; AND EACH OF THEM, AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, FOR DAMAGES PREDICATED ON THE NEGLIGENCE OF ITS EMPLOYEE, MICHAEL WHEELER

33. Plaintiffs repeat and reincorporate all of the foregoing paragraphs as if fully set forth herein.

34. At all relevant times, FAA Inspector Matthew Wheeler was an employee of defendant USA and was acting in the scope of his employment as an FAA Inspector. The United States is responsible for the acts and omissions of its FAA flight inspectors.

35. Plaintiffs' helicopter crashed and was destroyed as a direct and proximate cause of FAA Inspector Wheeler's negligence, including, but not limited to, the following:

   a. According to applicable FAA procedures, FAA Inspector Wheeler was not authorized to perform an actual simulated engine failure during the subject check

ride. FAA Inspector Wheeler was only authorized to direct the applicant to demonstrate and simultaneously explain a simulated power failure at altitude from an instructional standpoint. Had FAA Inspector Wheeler followed the FAA procedures, the applicant would have performed the task in a manner consistent with the pilot operating handbook and the methods she had been taught, and the throttle would not have been "chopped" to idle as done by FAA Inspector Wheeler;

b. FAA Inspector Wheeler failed to perform his duties as a safety pilot within the meaning of FAA Order 8900.1 as he had briefed prior to the flight and as required under the existing circumstances;

c. FAA Inspector Wheeler was not properly qualified, checked-out, current and/or proficient with respect to the category of aircraft and tasks to be performed on the check flight as required by FAA regulations;

d. FAA Inspector Wheeler failed to properly prepare for the practical exam flight and failed to properly conduct a pre-flight briefing with the applicant, including, but not limited to, a discussion of a simulated engine failure maneuver as part of the check ride;

e. FAA Inspector Wheeler failed to properly prepare and plan for the simulated engine failure with respect to both simulation procedures in the helicopter make and model and a suitable altitude and geographical location for safely conducting a simulated power failure;

f. FAA Inspector Wheeler was not proficient in the make and model helicopter used for the flight exam and was not knowledgeable concerning the appropriate and safe manner of conducting a simulated engine failure in the subject helicopter.

Specifically, FAA Inspector Wheeler was either not aware of or failed to heed the accident aircraft's flight manual warnings to avoid throttle chops to idle to avoid the possibility of an engine stoppage;

g. FAA Inspector Wheeler jeopardized the safe conduct of the flight when he abruptly "chopped" the throttle, which caused an actual engine failure during the accident flight;

h. FAA Inspector Wheeler failed to announce to the applicant that he planned to conduct a simulated engine failure and failed to require her to verbally acknowledge that she was prepared for the maneuver;

i. FAA Inspector Wheeler failed to conduct the simulated engine failure over terrain that provided a suitable landing zone with an adequate gliding range, such as an airport runway or tarmac;

j. FAA Inspector Wheeler failed to conduct the simulated engine failure at an altitude high enough to ensure a safe touchdown in the event of an actual engine failure;

k. FAA Inspector Wheeler failed to be aware of prevailing environmental conditions, which resulted in his failure to perform appropriate emergency procedures when the subject helicopter experienced a sudden power failure as a result of his abrupt chopping of the throttle;

l. During a critical moment following the engine failure and after the applicant had identified and was proceeding toward a suitable landing area, FAA Inspector Wheeler took control of the subject helicopter and improperly and negligently changed its heading away from the road or other suitable landing area and rather turned the aircraft toward a densely wooded area that was unsafe and not suitable

      for an emergency landing under the circumstances;

  m. FAA Inspector Wheeler was negligent and careless in operating the helicopter after the engine failure and selected an unsuitable landing area in response to the engine failure;

  n. FAA Inspector Wheeler negligently and carelessly interfered with the applicant's operation of the subject aircraft;

  o. FAA Inspector Wheeler failed to provide proper guidance and direction to the applicant once the engine failure occurred; and

  p. FAA Inspector Wheeler failed to properly plan for an emergency landing area in the event of an actual power failure while conducting the simulated power failure;

  q. FAA Inspector Wheeler negligently and carelessly deviated from good, sound, reasonable and safe practices and otherwise followed non-standard, unsafe and unreasonable practices in handling the check ride and the engine failure;

  r. FAA Inspector Wheeler failed to abide by and satisfy the requirements set forth in the applicable FAA Orders, manuals, rules and regulations;

  s. FAA Inspector Wheeler failed to exercise reasonable care in the handling of the check ride, the subject aircraft and the engine failure in view of the circumstances presented at the time; and

  t. FAA Inspector Wheeler was otherwise negligent and all of the foregoing were contributing causes of the crash of the accident aircraft.

36. As a direct and proximate result of the negligent acts and omissions of FAA Inspector Wheeler, the accident aircraft crashed, resulting in its complete destruction and consequent damages to plaintiffs, and each of them.

WHEREFORE, plaintiffs, and each of them, demand judgment against the defendant in

an amount sufficient to fully and fairly compensate them for their property damages, loss of use, loss of revenues, post-crash expenses, and for all other just and proper relief.

### COUNT II

### CLAIM OF PLAINTIFFS BLUE HILL HELICOPTERS, LLC; SJ ROTORCRAFT CORPORATION; AND EACH OF THEM, AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, FOR PERSONAL INJURIES PREDICATED ON ITS NEGLIGENCE

37. Plaintiffs repeat and reincorporate all foregoing paragraphs as if fully set forth herein.

38. Defendant the FAA owed a duty of care to plaintiffs to provide adequate safety training to its pilots and safety instructors and to ensure that each instructor had the appropriate level of qualifications prior to performing a test ride such as the one performed by FAA Inspector Wheeler on the date of the crash.

39. Defendant the FAA was negligent, by act or omission, and breached the duty of care owed to plaintiffs by:

    a. Failing to adopt and implement reasonable and comprehensive standards requiring FAA-authorized check ride inspectors to have adequate and current flight time in the make and model aircraft used during the check ride;

    b. Failing to properly train, instruct and supervise FAA Inspector Wheeler concerning his duties and responsibilities as an FAA Inspector and check pilot and otherwise failed to ensure that he was qualified to safely conduct the subject flight;

    c. Permitting FAA Inspector Wheeler to conduct the evaluation flight and operate the flight controls on the accident aircraft when he lacked adequate experience as an inspector in the make and model helicopter;

   d. Failing to provide, for purposes of the applicant's check ride, an instructor with adequate experience, flight time and proficiency in the make and model helicopter;

   e. Failing to properly and adequately train Inspector Wheeler in his role as a check ride inspector for the purpose of conducting exam flights for a pilot seeking to become a CFI;

   f. Failing to exercise reasonable care in the handling of the check ride, the subject aircraft and the engine failure in view of the circumstances presented at the time; and

   g. The United States, by and through the FAA and its employee, FAA Inspector Wheeler, was otherwise negligent and all of the foregoing were contributing causes of the crash of the accident aircraft.

40. The training provided by the FAA to Michael Wheeler was inadequate, deficient and negligent for the reasons more particularly set forth herein and was a substantial factor in causing and/or contributed to cause the crash of the accident helicopter and the resulting damages suffered by the plaintiffs.

41. As a direct and proximate result of the negligent acts and omissions of the defendant FAA, the accident aircraft crashed, resulting in its total destruction and serious damage to the plaintiffs.

WHEREFORE, the plaintiffs, and each of them, demand judgment against the defendant, the United States, in an amount sufficient to fully and fairly compensate them for their property damage, loss of use, loss of revenue, post-crash expenses, and for all other just and proper relief.

Respectfully submitted,

DATED:  August 8, 2013	WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:

/s/  *Michele C. Sears*
Michele C. Sears, BBO#655211
Wilson Elser
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300 (Main)
(617) 422-5316 (Direct)
(617)423-6917 (Fax)
Michele.sears@wilsonelser.com